## HUBER ET AL. v. WILKINSON.

1. **Fences**: DECISION OF TRUSTEES: JURY. In an action to recover twice the value of a partition fence which defendant by the decision of the township trustees had been required to erect, it was proper for the jury, under the instruction of the court, to determine whether or not the land of plaintiff was used for pasturing swine and sheep and whether a fence was required to turn these animals.

2. ——: ——: CONTRACT. Where the parties had agreed to erect a fence sufficient to turn swine and sheep, the trustees could properly determine whether or not the agreement had been performed, and, if not, direct the time and manner of performance.

*Appeal from Cedar Circuit Court.*

WEDNESDAY, SEPTEMBER 19.

ACTION to recover under the statute twice the value of a partition fence, which defendant was required to build by the decision of the township trustees. There was a verdict and judgment for plaintiff; defendant appeals.

*Piatt & Carr*, for appellant.

*Wolf & Landt*, for appellees.

BECK, J.—The plaintiffs own and are in possession of the N. E. ¼ and the S. W. ¼ of section 9. The defendant owns N. W. ¼ of section 9 and the E. ½ of S. E. ¼ of section 8—all these tracts being in township 80, range 3. The division line of their lands, it will be remembered, is one and a half miles long. The plaintiffs, under Code, chapter 4, title 9, called upon the township trustees to determine the obligation of

defendant to erect a portion of the partition fence upon the division line of their respective lands. They claimed that the lands were used and occupied by the parties for cultivation and for pasturing sheep and swine, and that by agreement of the parties the defendant was under obligation to build and keep in repair the south half of the partition fence, which should be capable of turning sheep and swine, and plaintiffs were under a like obligation as to the north half; that plaintiffs have performed their part of said agreement and defendant has failed to keep the part of the fence set apart under the agreement to him, in repair. The trustees found defendant under obligation to maintain the fences as claimed by plaintiffs, and thereupon required him to build such a fence as under said agreement he had agreed to erect. Defendant failing to build the fence plaintiffs erected it and brought this action to recover, under the statute, twice the value thereof. No question is made as to the regularity or the form of the proceedings of the trustees.

The Circuit Court refused certain instructions asked by defendant and gave others. No question is raised in the argument of counsel as to the correctness of the instructions given, nor is it claimed in argument that the court erred in refusing those asked by defendant. The counsel for defendant announce two or three legal principles in their argument as applicable to the case. We think they were fairly and fully given to the jury in the instructions of the court.

I. The only objection, as we understand the argument of counsel, urged against the judgment is that the lands of the 1. FENCES: decision of trustees: jury. parties were not used for pasturing swine and sheep, therefore the trustees had no authority to require a fence to be constructed of a character required to turn these animals, and the adjudication of the trustees to that effect and the notice issued by them to defendant were void. The jury were properly instructed upon the questions of law involving plaintiffs' right to demand a fence against swine and sheep. The law as given them by the court does not materially differ from the rule contended for by defendant's counsel. The question of fact, whether the lands of the parties

were or had been used for pasturing swine and sheep, was submitted to the jury. We cannot say that, upon this point, there was such absence of evidence supporting plaintiffs' claim that the land was used in the manner indicated, as to authorize us to disturb the verdict.

II. But there is another view which requires us to affirm the judgment. The plaintiffs claim that defendant had agreed to maintain the south part of the fence so as to turn sheep and swine. He thus was under obligation to erect that part of the fence in the manner agreed upon, and we think the trustees could determine whether he had or had not performed it and direct the time and manner of its performance. Code, sections 1462, 1503, 1507. The question of the existence of this agreement, whereby the fence in question became a partition fence and defendant undertook to maintain the part allotted to him so that it would protect the inclosures against swine and sheep, was fairly submitted to the jury. We cannot say that the evidence upon this question of fact is not sufficient to support the verdict.

*2. ——: ——: contract.*

Other questions raised by the assignment of errors are not presented in argument. Under repeated decisions of this court they are to be regarded as waived.

AFFIRMED.

ROTHROCK, J., *dissenting.*—I cannot concur in the foregoing opinion. There was, in my judgment, no evidence to warrant the jury in finding either that the defendant used his south eighty acres for pasturing swine or sheep, or that he agreed to build a tight fence upon one-half of the whole line between the lands of the parties.

ADAMS, J., concurs in this dissent.